

FILED
AUG 10 2017
Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>and<br><br>CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Consolidated-Plaintiff,<br><br>vs.<br><br>UNITED STATES FISH & WILDLIFE SERVICE; et al.,<br><br>Defendants,<br><br>and<br><br>MONTANA TRAPPERS ASSOCIATION, NATIONAL TRAPPERS ASSOCIATION, and FUR INFORMATION COUNCIL OF AMERICA,<br><br>Defendant-Intervenors. | Lead Case No.<br>CV 16–65–M–DWM<br><br>Member Case No.<br>CV 17–99–M–DWM<br><br>ORDER |

There being common issues of fact and law, consolidation of the above-captioned actions is appropriate pursuant to Rule 42(a)(2) of the Federal Rules of

1

Civil Procedure. (*See* CV 16–65–M–DWM, Docs. 63, 64, 66; CV 17–99–M–DWM, Doc. 11.) There is some disagreement, however, as to the extent of consolidation. Defendant-Intervenors (1) request that the plaintiffs be required to file a single, consolidated complaint in the joint action and (2) seek an order granting them defendant-intervenor status in CV 17–99–M–DWM. (Docs. 64, 65.) Plaintiff WildEarth Guardians and Plaintiff Center for Biological Diversity object to both requests, and insist separate complaints and separate dispositive briefing are necessary. (*See* Docs. 67; CV 17–99–M–DWM, Doc. 13.) The plaintiffs emphasize that while they both raise claims under the National Environmental Policy Act ("NEPA"), only WildEarth brings a challenge under the Endangered Species Act ("ESA"). They further argue that Defendant-Intervenors should have filed their request to intervene in CV 17–99–M–DWM.

As argued by Defendant-Intervenors, the two complaints and the claims raised therein are very similar. For example, both plaintiffs allege NEPA violations based on the agency's effects analysis and its failure to prepare an Environmental Impact Statement. That said, WildEarth also raises challenges under the ESA. Additionally, WildEarth's NEPA challenges focus in part on the agency's preparation of an incidental take statement for Canada lynx and the accuracy of the agency's scientific analysis. Because the plaintiffs are distinct

2

organizations that raise similar, but not identical claims, they are not required to file a consolidated complaint. The defendants shall answer the individual complaints in each case.

That said, the plaintiffs' claims are similar enough that to avoid duplicative briefing, they must jointly brief their NEPA claims. WildEarth may separately brief its ESA claims (both subject to reasonable word limits). The plaintiffs shall also file joint statements of undisputed and disputed facts. The plaintiffs shall also coordinate prior to filing any motions and shall jointly file any motions seeking a similar action by the Court on the same issue. These procedures will streamline the pending litigation and conserve judicial resources without prejudicing the parties' rights to litigate their respective causes of action independently and vigorously in their own best interest.

Next, given the similarity of the issues and the public interest in adjudicating this matter effectively and efficiently, Defendant-Intervenors' request to intervene in the member case (CV 17–99–M–DWM) is granted. *See* Fed. R. Civ. P. 24(a)(2). Other than the procedural question of where the motion to intervene should have been filed, the plaintiffs' objections to intervention in the member case is limited to their disagreement with consolidation of complaints and briefing. As discussed above, a certain amount of consolidation is appropriate and

will not prejudice the plaintiffs. As a result, the Montana Trappers Association, National Trappers Association, and Fur Information Council of America may intervene in CV 17–99–M–DWM. Defendant-Intervenors shall file answers in both the lead and member cases. However, because their interests are similar, Defendant-Intervenors shall also be limited to joint filings for summary judgment (both briefs and statements of fact) and are further required to coordinate prior to filing any motions, and to jointly file any motions seeking a similar action by the Court on the same issue.

Accordingly, IT IS ORDERED that the above-captioned cases are consolidated for all further proceedings under the case number CV 16–65–M–DWM and captioned as shown above. The Clerk of Court shall file this Order in the docket for each case.

IT IS FURTHER ORDERED that the defendants in each case shall file their answers separately under the two respective case numbers in CM/ECF on or before **August 31, 2017**. Thereafter, all parties shall file all documents in the lead case number CV 16–65–M– DWM and spread the particular documents to the member case.

IT IS FURTHER ORDERED that:

**1. Rule 26(f) Conference and Case Management Plan.** The parties shall

file a proposed case management plan on or before **September 25, 2017**. The parties shall e-mail a copy of the proposed case management plan in WordPerfect (preferred) or Word format to dwm_propord@mtd.uscourts.gov. Lead trial counsel for the respective parties shall, at least two weeks before the proposed case management plan is due, meet to discuss the nature and basis of their claims and defenses, to develop the proposed case management plan, and to discuss the possibilities for a prompt settlement or resolution of the case. *See* Fed. R. Civ. P. 1. The case management plan resulting from the Rule 26(f) conference is not subject to revision, absent compelling reasons.

**2. Contents of Case Management Plan.** The proposed case management plan should contain deadlines for the following pretrial motions and events or should state that such deadlines are not necessary:

>   Motions to Dismiss (fully briefed)
>   Certification of Administrative Record
>   Motions to Supplement the Administrative Record
>   Motions to Amend the Pleadings
>   Completion of Discovery
>   Motions for Summary Judgment (fully briefed)
>   Additional Deadlines Agreed to by the Parties

"Fully briefed" means that the motion, the brief in support of the motion, and the opposing party's response brief are filed with the Court by the deadline.

The parties' proposed schedule should recognize the requirements for joint

5

briefing outlined above.

2. **Representation at Rule 26(f) Conference.** Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

3. **Stipulation to Foundation and Authenticity.** Pursuant to Rule 16(c)(3), the parties shall either:

(a) enter into the following stipulation:

The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery. However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objections to producing counsel in writing within a reasonable time after receiving the document. A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery. If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery. All other objections are reserved.

or

(b) state why a stipulation to authenticity and foundation is not appropriate for the case.

4. **Administrative Record.** If an administrative record is involved, it must be filed on CDs or a thumb drive in an indexed and searchable format with

hyperlinks to record citations. The government shall provide the plaintiffs with the administrative record on or before the administrative record filing deadline set out in ¶ 2, *supra*. The government must also file with the Court a single hard copy of the following documents (along with any attachments or appendices), to the extent any such documents are at issue in the case:

    Final Environmental Impact Statement/Environmental Assessment
    Supp. Environmental Impact Statement/Environmental Assessment
    Record of Decision or Decision Notice
    Forest Plan or other programmatic planning document
    Biological Assessment
    Biological Opinion
    Finding of No Significant Impact
    Final Listing/Delisting Rule

**5. Acronyms.** In all documents filed with the Court, the parties shall not use any acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, EIS, and EA.

Dated this 9th day of August, 2017.

                              Donald W. Molloy, District Judge
                              United States District Court